UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CARTELL JOHNSON,

                                      Plaintiff,

- against -

CITY OF NEW YORK, et al.,

                                      Defendants.

------------------------------------------------------------------- x

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

15-CV-1625-SMG

       Defendants The City of New York, Michael Williams and Michael Enright by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, submit this statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, for purposes of this motion only, to set forth the material facts as to which it is contended there are no genuine issues to be tried.

       1. On January 1, 2012, a complaining victim, S.B.,[1] reported the following: "At T/P/O compl/victim states she came to location to see her son at which time known perp (ex-boyfriend) began yelling at her, per continued to yell, grab her by the hair and pushed her into the wall. Perp also grabbed compl/victim's cellphone and broke it. Perp then pushed their son to the ground. No injuries or complaints of pain to compl/victim or son. Perp then fled scene. Pictures taken of phone. Sgt. on scene. Canvass conducted w/negative results. DIR prepared. Damage property over $250 Dollars USC." (Complaint Report, Siskind Decl., Exh. "A").[2]

       2. The complaint report was taken by non-party P.O. Marilyn Morock from the 67th Precinct. (NYPD Domestic Incident Report, Exh. B).

---

[1] The full name of the complaining victim is being withheld to protect her privacy interests.
[2] Unless otherwise indicated, the exhibits referenced herein are attached to the Declaration of Shira Siskind, dated August 16, 2016 submitted herewith.

1

3. On January 7, 2012, the complaining victim repeated the complaint to non-party Det. Brathwaite who was assigned to the 67th Precinct Detective Squad. She told him the following: "On January 7, 2011 [sic] at approximately [9:45 P.M.] I received a call from the complainant [S.B.] who informed me that on January 1, 2012 at [5:20 P.M.] she was dropping off school supplies to her child's father (Cartell Johnson) so that their child ([] named [C.J.], age 8) could complete a school project. When she arrived at the location the elder Johnson was very angry and started to yell at her and call her a slut. He was yelling at her and standing very close to her so [B.] thought she was about to be assaulted. She then took out her phone and began to call 911. While she was talking to 911, [B.] (sic) took her phone and broke it. He then realized that the police had already been notified and he then fled the scene." (Complaint Follow Up Informational Report, Exh. H).

4. According to the complaint report, domestic incident report and follow-up interview by Det. Braithwaite, plaintiff, Cartell Johnson, was the perpetrator. (Exhs. A, B, H)

5. On January 4, 2012 at 19:37, defendant Detective Enright caused an I-Card for plaintiff to be issued based on the criminal mischief complaint made by the complaining victim B.S. (Enright Dep., Exh. C, 22:13-25:23, 28:18-21).

6. The I-Card indicated that plaintiff was being sought by Det. Braithwaite as the perpetrator of criminal mischief in violation of Penal Law § 145 as a result of a complaint filed on January 1, 2012 (complaint number 2012-067-00012). (Complaint Follow Up Informational Report – Activate Investigation Card, Exh. D; Enright Dep., Exh. C, at 9:24-10:3, 52:9-25).

7. On or about May 16, 2014, at or before 11:30 P.M., plaintiff went to a precinct stationhouse. (Complaint, Ex. G, ¶ 10; Williams Dep., Exh. E, at 6:15-7:9; Johnson Dep., Exh. F, at 21:24-22:10).

8. Plaintiff went to a precinct to pick up, *inter alia*, car keys for a friend. (Complaint, Exh. G, ¶ 10; Williams Dep., Exh. E, at 6:15-7:9; Johnson Dep, Exh. F, at 25:3-8).

2

9. Defendant P.O. Michael Williams asked plaintiff for his identification and plaintiff provided his identification to Williams. (Williams Dep. Exh. E, at 6:15-7:9; Johnson Dep., Exh. F, at 28:8-12; 29:2-4; 29:17-20).

10. The identification that plaintiff provided to Williams was not a driver's license. (Williams Dep., Exh. E, at 6:7-15; Johnson Dep., Exh. F, at 32:5-6; 34:7-10).

11. P.O. Williams conducted a computer name check to confirm that plaintiff had a valid driver's license. (Williams Dep., Exh. E, at 6:15-7:18).

12. The computer name check revealed an active I-Card for plaintiff. (Williams Dep., Exh. E, at 7:19-8:8). On the date of the incident, plaintiff had an I-Card. (Johnson Dep., Exh. F, at 45:7-9).

13. After discovering the I-Card, P.O. Williams immediately called the 67th Precinct Detective Squad and was informed that the I-Card was still active and that there was probable cause to arrest plaintiff. (Williams Dep., Exh. E, at 12:5-20, 16:23-17:2).

14. Nobody from the 67th Precinct Detective Squad gave P.O. Williams any further instructions regarding plaintiff. (Williams Dep., Exh. E, at 38:24-39:3).

15. P.O. Williams also pulled up the subject complaint report which did not have an arrest attached to it, which indicated that the I-Card was still active. (Williams Dep., Exh. E. at 13:12-21).

16. About 10 minutes after calling the 67th Precinct Detective Squad, at or around 2:40 a.m. on May 17, 2014, P.O. Williams arrested plaintiff in connection with the complaint by S.B. (Williams Dep., Exh. E, at 13:25-14:4, 17:3-6; Enright Dep, Exh. C, at 36:5-9, 40:25-41:5; Arrest Report, Exh. I).

17. The arrest was based on the complaint by S.B. (Enright Dep., Exh. C, at 40:8-17; Arrest Report, Exh. I).

18. Sgt. Enright started his tour on May 17, 2014 at 5:30 P.M. and he was not present at the 67th Precinct Detective Squad earlier that day. (Enright Dep., Exh., at 50:13-51:6).

19. Sgt. Enright did not participate in the arrest of plaintiff on May 17, 2014. (Enright Dep., Exh. at, 36:10-19, 51:8-13).

20. After arresting plaintiff, P.O. Williams processed plaintiff's arrest, which included speaking to an assigned Assistant District Attorney in the Kings County District Attorney's Office. (Williams Dep., Exh. E, 18:16-19:5).

21. P.O. Williams told the ADA the basis for plaintiff's arrest. (Williams Dep., Exh. E, at 19:3-5).

22. The Kings County District Attorney's Office declined prosecution because the statute of limitations had run on the complaint. (Williams Dep., Exh. E, at 32:6-13; Declined Prosecution Form, Exh. J).

23. Plaintiff was released from Central Booking without seeing a judge. (Complaint, Exh. G, ¶ 20).

Dated:      New York, New York
            August 16, 2016

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
Tel:   (212) 356-2414
Fax:   (212) 356-3509

By: _____
Shira Siskind
Assistant Corporation Counsel
Special Federal Litigation Division